25CA0526 Peo in Interest of Campbell 06-12-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0526
Pueblo County District Court No. 25MH30024
Honorable Amiel Markenson, Judge

---

The People of the State of Colorado,

Petitioner-Appellee,

In the Interest of Martin Ray Campbell,

Respondent-Appellant.

---

ORDER AFFIRMED

Division A
Opinion by JUDGE TAUBMAN*
Román, C.J., and Martinez*, J., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 12, 2025

---

Cynthia Mitchell, County Attorney, Kate H. Shafer, Special Assistant County Attorney, Pueblo, Colorado, for Petitioner-Appellee

Tezak Law, P.C., Mary Tezak, Florence, Colorado, for Respondent-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1       Martin Ray Campbell appeals the district court's order authorizing the involuntary administration of antipsychotic and mood stabilizing medications for the purpose of restoring him to competency to stand trial in a criminal case.  We affirm.

## I.       Background

¶ 2       In September 2023, Campbell was found incompetent to proceed in a felony trial, and in August 2024, he was admitted to the Colorado Mental Health Hospital in Pueblo (CMHHIP) for competency restoration.  CMHHIP staff prescribed an antipsychotic medication for Campbell when he was admitted, but he refused to take it.  When Campbell was re-evaluated in January 2025, the evaluator opined that Campbell had not progressed toward psychiatric stabilization and was unlikely to be restored to competency without psychotropic medication; thus, he remained incompetent to proceed.  Dr. Hareesh Pillai subsequently met with Campbell, reviewed his records, diagnosed him with unspecified schizophrenia spectrum disorder and other psychotic disorder, and recommended treatment with antipsychotics and a mood stabilizer.

¶ 3       The People filed this case under section 16-8.5-112(1), C.R.S. 2024, seeking authorization for CMHHIP to involuntarily administer

psychotropic medications to Campbell. The physician's affidavit accompanying the petition sought permission to administer two antipsychotic medications, risperidone and haloperidol; and one mood stabilizer, lithium. Consistent with *Sell v. United States*, 539 U.S. 166, 180-181 (2003), Dr. Pillai's affidavit asserted that treating Campbell with the requested medications (1) would assist the important governmental interest of prosecuting a serious crime while assuring a fair trial; (2) would be substantially likely to render Campbell competent and unlikely to cause side effects that would interfere with his ability to assist counsel in his criminal defense; (3) was necessary to achieve competency as other treatments had failed; and (4) was medically appropriate and in Campbell's "best medical interest considering his psychiatric condition."

¶ 4    The district court held an evidentiary hearing at which Dr. Pillai and Campbell testified. Following the hearing, the court found that Dr. Pillai had testified credibly and persuasively and adopted his opinions. Based on Dr. Pillai's testimony, the court found that all four *Sell* factors had been proved by clear and convincing evidence. It specifically found, as relevant here, that the involuntary administration of medication was medically appropriate

and in Campbell's best interest in light of his medical conditions. However, because Dr. Pillai had requested authorization to administer haloperidol only as a backup in the event oral risperidone or lithium were refused, and Campbell had testified that he would take court-ordered oral medications, the court authorized the involuntary administration of only the oral versions of risperidone and lithium.

## II. Discussion

¶ 5 On appeal, Campbell contends that insufficient evidence supported the district court's finding as to the fourth *Sell* factor. Specifically, he asserts that the ordered medications were not medically appropriate or in his best medical interest because Dr. Pillai was not aware of Campbell's medical conditions, which allegedly included two heart attacks and a family history of diabetes. We conclude that the People provided sufficient evidence to support the court's finding.

### A. Applicable Law and Standard of Review

¶ 6 When, as in this case, the involuntary administration of medication is sought for the sole purpose of rendering a defendant competent to stand trial, the People must satisfy the four-part test

3

articulated by *Sell*. *People in Interest of R.F.*, 2019 COA 110, ¶ 21, 451 P.3d 1238, 1243. First, they must demonstrate that important governmental interests — such as bringing to trial an individual accused of a serious crime — are at stake. *Sell*, 539 U.S. at 180. Second, involuntary medication must significantly further those interests. *Id.* at 181. Third, the medication must be necessary to further those interests. *Id.* Fourth, the medication must be "medically appropriate, i.e., in the patient's best medical interest in light of his medical condition." *Id.* The People must prove each factor by clear and convincing evidence. *R.F.*, ¶ 16, 451 P.3d at 1242. A physician's testimony alone may constitute clear and convincing evidence. *See People v. Pflugbeil*, 834 P.2d 843, 846-47 (Colo. App. 1992).

¶ 7 When a respondent challenges the sufficiency of the evidence supporting the district court's findings on a *Sell* factor, we review the record as a whole and, viewing it in the light most favorable to the People, determine whether the evidence is sufficient to support the court's order. *See People in Interest of Ramsey*, 2023 COA 95, ¶ 23, 541 P.3d 1198, 1204 (addressing the involuntary administration of medication under *People v. Medina*, 705 P.2d 961,

4

973 (Colo. 1985)). We also defer to the district court's resolution of evidentiary conflicts and its determinations of witness credibility, the weight of the evidence, and the inferences to be drawn from it. *See People in Interest of R.C.*, 2019 COA 99M, ¶ 7, 451 P.3d 1229, 1231.

¶ 8 Only the first *Sell* factor presents a legal question subject to de novo review. *R.F.*, ¶ 21, 451 P.3d at 1243. The district court's findings with respect to the other *Sell* factors are factual in nature, and we defer to findings of fact if supported by evidence in the record. *Id.*; *see People v. Marquardt*, 2016 CO 4, ¶ 8, 360 P.3d 499, 502.

## B. Application

¶ 9 As relevant to the fourth *Sell* factor and Campbell's challenge on appeal, Dr. Pillai directly testified that the administration of the requested medications was medically appropriate and in Campbell's best interest given his medical conditions. Dr. Pillai expounded as follows:

- Even taking competency restoration out of the equation, he would recommend risperidone, haloperidol, and lithium to treat Campbell's psychiatric symptoms

(paranoia, delusional ideation, grandiosity, hyper religious beliefs, and thought disorganization).

- Treating Campbell's symptoms "is a large benefit to him"; he would recommend the same treatment for any patient presenting with Campbell's symptoms — to improve the symptoms that affect thinking and influence behavior.

- Even if Campbell had had heart attacks and a family history of diabetes, his opinion would not change — the recommended medications were less likely than others in their classes to cause side effects that would exacerbate those alleged medical conditions.

¶ 10    The district court credited Dr. Pillai's testimony and declined to make credibility findings about Campbell's alleged medical history, finding that risperidone and lithium were medically appropriate for Campbell whether or not the reported history was accurate.  Deferring to the court's witness credibility determinations, as we must, and viewing the record in the light most favorable to the People, we conclude that Dr. Pillai's testimony supports the finding that the fourth *Sell* factor was satisfied by clear and convincing evidence.  *See Marquardt,* ¶8, 364 P.3d at 502; *R.C.,*

¶ 7, 451 P.3d at 1231; *Ramsey*, ¶ 23, 541 P.3d at 1204; *Pflugbeil*, 834 P.2d at 846-47.

## III.   Disposition

¶ 11    The order is affirmed.

CHIEF JUDGE ROMÁN and JUSTICE MARTINEZ concur.